Thank you Sylvia Spars on behalf of the petitioner may it please the court there are three or four Questions for this court the first one being whether mr. Salguero Sosa suffered The harms that he suffered amount to persecution Whether the harms that he suffered were on account of a protected ground whether the agency applied an incorrect legal standard and whether the petitioner Formed part of a disfavored group before we go any farther. Can I ask you? Do you want to reserve any time for rebuttal? Yes, judge. I'll reserve Two minutes very well, please proceed. Okay. Thank you And when we look at the evidence viewed in its totality and the cumulative effects that it had on mr Salguero we can see that any reasonable fact finder would find Would be compelled to sit Just to find that he did suffer Persecution so he suffered severe and pervasive discrimination. Why would we have to conclude that? because again, the this court has said that that Persecution means something more than discrimination or harassment and It's clear that he suffered discrimination and it's also clear that he probably suffered harassment But did he suffer more than that? Yes, judge he suffered severe and pervasive discrimination beginning from his childhood going all the way up to stop you I'm conceding discrimination I'm conceding harassment, but right as this court has said Discrimination and harassment is not persecution, right? But if it's severe and pervasive then it can amount to persecution and if it's combined with death threats and also Physical attacks and you would you look at the cumulative effect of all these things happening to mr Salguero Sosa, then it would be enough to Even though even though those particular incidents are not from the one source or not for even one reason But from myriad different sources for myriad different reasons You're still saying that that it constitutes persecution, even though individually there are only acts of discrimination or harassment Well, some of them are and yes I mean, I agree that some of the acts on on their own would not be a persecution but when we look at everything and this Courts precedent is to look at the cumulative effect of everything that's been happening to him Then we look to see if there is sufficient persecution. Let me ask you this counsel. Yes. What's your best case or cases? That say if you have a series of what on an individual basis constitute discrimination that in the aggregate That's enough to change the result here in other words, what's the what's your best cumulative effect? Case that will get you where you think you want to go, right? I think judge that this case has similarities to Corabellina in Corabellina She was also denied admission to a polytechnical school for being Jewish She was she did work for 30 years in an automated machine factory She encountered obstacles for a career advancement She witnessed some beatings from her boss She was only encountered one time with physical violence and there the agency also found that all she had suffered was discrimination But this court found that looking at everything that she had suffered cumulatively that all of these effects did amount to persecution This is very similar to mr. Salguero Sosa because he was also denied admission. He also didn't have career advancement He was persecuted in employment. Let me stop you counsel counsel in your client's case He did achieve the heights of his profession in various ways He's very he was very successful. Now. He may have been more successful He hadn't discriminated against but he was extremely successful He he didn't wasn't able to work it as an accountant where he had received his degree he didn't receive any like benefits medical benefits and he He didn't get any raises or promotions when he worked at the water park so he didn't get the career advancement that he was entitled to this was very similar to Corabellina and also another form of persecution that Is not found in Corabellina which is I think much worse is that he was forced to terminate his pregnancy with his with his Girlfriend and under our asylum law Pregnancy let me stop it that decision was made by her parents Wasn't made by any government together. Yes, but private private private private persecutors Can also be persecution we have this under Doe versus Holder where there were private persecutors persecuting the individual because of his homosexuality and this court found that it is still a form of persecution because it's on account of a Protected basis counsel. Let me ask you this Let's say that you're right about Corabellina. What do we do with this? Do we send it back? Do we make a de novo decision what what do we do in this circumstance if you're right? In this case the IJ specifically said and the BIA to we're not going to apply cumulative review So what's the remedy here? Well, the remedy is I believe is to remand so that the the agency can apply the correct legal standard And what that won't they just say, you know, we went through this before we know what these individual things are We don't think there's any difference at all So then where are we? well, if that's that's the case you could still look at the Withholding claim which shows that the also agency applied the incorrect legal standard Instead of saying looking at is there a reason for his persecution? They looked at just a central reason in addition Does he have a fear of future persecution because he belongs into a disfavored group? So they missed a bunch of things in this case on remand that could be remedied and what's your best reason as opposed to the larger Factor we've now said a reason is enough. What's your best reason? The best reason is his particular social group. There's no doubt that he was persecuted because he was a little person That I mean there was through all facets of his life. There was lots of Admitted to school because of his size that he was not getting the job because of his size that he they wanted to terminate his Pregnancy because he was going to be a dwarf grandchild that he wasn't going to get a driver's license because of his size that Everything points to the fact that because he's a little person he was being persecuted So this is for sure a reason for his persecution Well, let me ask you if it's a situation where let's assume that we use a different term than persecution let's just say use the term discriminated against and There is no common actors in this regard and there's no evidence that the government Or any group that the government is refusing to control is engaging in this discrimination. It's just simply a widespread I guess public sentiment Against people of a particular stature you're saying that that in of itself will constitute persecution well judge the country conditions do reflect that the Individuals with a disability like dwarfism are they don't get all the protections that they deserve They are they don't get the employment opportunities. They don't get admission to school. They don't have any of their special needs Redressed there's no, you know There's no remedy for people who have disabilities and this is part of the reason why he organized and created his own organization because the government wasn't Addressing any of their needs all the articles that he submitted also the other little people had the same issues They were denied admission to school. They couldn't get a job and there's a lot of discrimination So it impacted their overall well-being and so in the country condition does reflect that it did did the IJ Credit the little people particular social group as being a valid PSG I don't think that they I Don't think that they really addressed. I don't think that they disputed that it wasn't a valid particular social group. I just think that they Dismissed because they said there wasn't sufficient persecution, right? But it doesn't you have to have and I'm using You know the common term a PSG doesn't you have to have a PSG here to get that in other words? Most of those deal with discrimination based on religion or political views and so on How does being an enclosed little person fit into the PSG description Well, I mean he meets all of the elements for a particular social group, I mean not yeah, this is I would how would you describe How he meets those? Well, I mean visibly first. I mean which is something that we Struggle with a lot in these types of cases. I mean visibly he's a little person so he can be okay I think wish and I understand that but there as you know, there are five if I recall correctly there are five Bases under which people can fit in a PSU right under which of those? Does being a in quotes little person in quotes fit particular social group? I'm saying lots of PSG is so I'm asking you on the five grounds that get to the PSG and Into which of the categories does this gentleman fit? In other words, it's not based on religion, right? No, it's not based on religion We have what is it based on it's based on his particular social group, which is little people in Guatemala That is his basis. That is the reason that he's being persecuted what but for example, I know this physical characteristic But if you said everybody that is left-handed in Guatemala, is that a particular social group? I don't think so. And why? Well, I mean there's there's there's different things that we look at we look to see a visibility does the persecutor see him as different Are there any country conditions that protect these individuals, but I'm saying You're just saying they have to be different. Okay, I get well He has to have an innate innate quality that is that he cannot change. Okay, if you're left-handed I think the percentages are like 10% in a population. So does that make you eligible for to be a PSG? The percentage doesn't matter. I mean it does you could have 50% So, I mean it doesn't matter the the amount of people It's the quality that you can't change you physically can't change this medical condition that he was born with. It's innate He cannot change it So that's your best answer that he qualifies as a member of a PSG He yes judge. He's his being a small person in Guatemala is a particular social group. It's valid It's got meets all the elements. He's got an innate quality. He cannot change From your perspective and based on the law, what are the characteristics of a PSG? What what does someone have to show in order to qualify as a member of a PSG? well, it has to be something that you can't change has to be an innate quality has to be like specific right specific that somebody other the persecutor can see you it's distinct from other from other parts of the Society Well, I mean this that he's distinct that you can you definitely can Some of the some of the qualities overlap judge I mean the fact that he's a little person has a lot of the qualities that you would look at so he's got an innate Quality that he can't change because he's little so to size and then he's visually you can see he's distinct from other groups If a person had one brown eye and one blue eye would they may be a member of a PSG Not necessarily because what do you need? It is Right. It is right. It is unique. But I mean that's not I mean, I guess Here the argument is is that this particular quality that he has is is you know? garnering a lot of discrimination pervasive and persecution Isn't sorry console isn't the answer that question It's how he is he or she is perceived and treated based on the physical condition. Yes Do you want to say the balance of your time you got That's fine, thank you judge if you okay very well. All right. Let's hear from the government. Mr. Finn, I believe right Yes, judge good morning and May it please the court Stephen Finn for the respondent the Attorney General The respondents view on this case is this is a case Where a Guatemalan citizen was subject to removal who was unable to demonstrate that he suffered past persecution That he was persecuted on account of his political opinions and that he was a member of a disfavored group I would just note on the cat claim Without going into it further the record is absolutely devoid of any evidence to support an assertion that the petitioner Would likely be tortured if we return to Guatemala So therefore I'm not going to pursue any more argument on the cat claim unless the court has specific questions Main question I have Has to do with the cumulative effect Yes, it it seems to me that your opponent is correct that the Right the Karablina case is pretty important also the Goua case They both seem to suggest That if you don't have a cumulative effect analysis, even though the individual component may not rise to the level of Persecution that you've got a problem. You may have to reverse What's the government's position on that since in this case the IJ said I'm not even going to do this I'm going to make a cumulative analysis cumulative effect analysis I Am not going to make a cumulative effects analysis Let's say that's correct say he did say that Okay Well, you know In preparing for my argument today. I took seriously that argument by counsel and I started with the regulations Because the Attorney General and the Secretary of Homeland Security identify What are the things that we have to consider in a removal claiming or a claim for asylum withholding in cap and nothing in the regs requires a cumulative analysis by the immigration judge the board Does have case law that talks about totality and cumulativeness for the purposes of appeal? When they are reviewing the factual findings for clear error This court's analysis on cumulative effects in my review of the cases what I was really looking for was the genesis of where that fits into the procedural considerations on review in my view I was other was it's part of a it's a tool in the substantial evidence Area to ensure that the immigration judge and the board are not looking at the trees and not seeing the forest Well, let's say let's say you're right. Let me just quote you a single line from Caraballina It says a single isolated incident may not rise to the level of persecution But the cumulative effect of several instances may constitute persecution So that's our case law and it controls. Yes. So yeah, I guess you agree with that so under those circumstances if The IJ said I'm not even going to consider a cumulative effect analysis. What do we have to do? Well, I I don't know if it's a case of the immigration judge saying I'm not going to consider it. I think Chenery tells us we have to look at the agency's decisions and Evaluate the decisions based on what the agency said it did and I would also say that that comes up in the main dying situation that certainly the Supreme Court echoed that Holden and the question is here is Perhaps neither the board or the immigration judge said at the end of the day We've looked at everything and we're making a separate cumulative analysis but both in both instances the immigration judge and the board look carefully at the claims that were before them and The claim that was before them was a claim of asylum on the grounds of a particular social group now First off on that point the immigration judge in the board found that there was no past persecution On the asylum claim, but I would know it's correct that they bifurcated in a sense the facts in The past persecution analysis the board and the immigration judge looked essentially at harms that occurred prior to 2006 But then in the political opinion part of it as its analysis It looked at claims that started with the death of the petitioner's brother My argument here today is notwithstanding that bifurcation and there's a logic to that bifurcation. There were separate claims made here Regardless in both cases there wasn't the evidence to establish persecution most importantly Council if I might interrupt to get back to the judge's question Yeah, our case law says and Coroblina and some others Talk about the error at the agency and not looking at a cumulative effect. And that was the argument in Coroblina It's the argument here now The agency didn't say we're not going to look at it, but it plainly did not articulate a cumulative effect analysis Now your argument today seems to me we don't need to do that. That flies on the face of our controlling case law so What do we do with them? Your argument is we just ignore it Well, no, no, no judge. I don't think I'm saying you just ignore it. I think that that is a is a very tried-and-true Position of the Ninth Circuit Regarding the consideration of cumulative effects, but I go back to my argument earlier Which is this court talks about cumulative effects analysis within its own consideration of substantial evidence in other words there's an independent authority under 1252 for this court to evaluate claims for Substantial evidence and my reading of these cases time and again the court is within that substantial evidence Review and that it looks and says well, yes, there's they've made their decisions They've done the legal and factual analysis necessary But they have not they're not seeing the forest from the trees They are not seeing that the cumulative effect of this persecution provide Substantial or excuse me compels a different result. Let me stop government council Let me stop government council for a second Actually what the IJ said was that he had quote undertaken to evaluate the nature of each claim The respondent presents in support of his contention He is eligible to receive asylum But the immigration court has gone on to recognize that in every instance that Sosa may have experienced was nothing greater than Discrimination focused on him. That was the finding of the IJ So in other words, there is no evidence that the IJ failed to consider anything However, what the IJ failed to perhaps say is oh and by the way cumulatively I've seen each one They're insufficient, but he didn't say Oh cumulatively when I put them all together It doesn't come up to snuff so I think what the government is saying is that part is the circuit going to require that the IJ say not only I've considered everything in Detail and it doesn't amount to persecution it amounts at best to discrimination and then to say oh by the way all these acts in totality Aren't sufficient also Is that your argument? Well, yeah Yes, but I would I'll go back to the fact that in fact the Attorney General sets up the procedures For the immigration judge to conduct its fact-finding and it's it's a legal analysis And there's nothing in the regulations that says there must be a cumulative effects analysis And I recognize this courts long long Precedent on this question But again, I've never seen a case that said we're sending this back to do this specific analysis You must do communal cumulative effects But the failure to do a cumulative analysis in certain situations can be error. You have to concede that In certain situations, uh Again my point on it your honor or judge is that in this court's review Not on appeal appeal is to the board review the standard is substantial evidence that compels a different conclusion and Cumulative effects analysis is a portion and a partial aspect of that substantial evidence review. Well, I'm not With respect, I Know this is a little different than what we would have in the normal District court situation for a cumulative error because you got to have error before Here we have a situation where our case law says that even if you have Individual instances that do not in and of themselves rise to a level of persecution That if you don't look at it Cumulatively, you're an error because the aggregate of those individual things may constitute persecution Your opposing counsel has made that point repeatedly that this this gentleman because of his little person's Situation had all these various things that occurred and in the aggregate it Constituted persecution now the IJ may not agree with that Jimmy said nope don't agree, but doesn't the IJ have to do that analysis under our case law? And this judge this is what I I I I go back to the fact that I my review of the cases never indicated that There was an obligation this court was putting on the immigration judge or the board to do the analysis But they what was going on is the court was doing its own substantial evidence review Under 1252 and Carabino for example, I quoted before what they said and yes the way I read it It's error. If you don't do a cumulative analysis, even though The individual instances that may or not in and of themselves arise to the level of persecution. What am I missing? I Think we're just talking a little bit past each other's for our judge I mean, I understand the court to be saying that the Ninth Circuit has held cumulative analysis is a requirement Okay, and what in my constitutes cumulative analysis in this case You've got these individual instances that the IJ and then the BIA say Individually, these don't rise to persecution, but if you look at them cumulatively across the lifetime of this gentleman Why wouldn't that potentially at least warrant an analysis of whether that constitutes persecution I Just want to be clear that my position is not that There's a requirement of compute cumulative effects analysis My position is that this court has invoked communal cumulative effects under its substantial evidence analysis nevertheless Nevertheless, it's always appropriate for the court to say that you failed government in or a court in Excuse me for a moment board and immigration judge you failed because you did not in your analysis see That the total fact find your past persecution claim Decision was incorrect because in fact there was substantial evidence In fact, there was past persecution because you did not look at all of the facts that were available to you And therefore a contrary conclusion is compelled Upon the board is from this record. So you're Well, one of the other problems is The respondent now the petitioner did raise cumulative facts in the brief to the board So it's not just a question of a mechanical application of our precedent It's the question of did you address the argument made by the now petition? My response to that would be to go to Ming Dai your judge and that in Ming Dai the court The Supreme Court noted that, you know, you can't just come up with a talismanic words to to to talk about something cumulative effects You have to look what the board decided and in this case, I would say that was not a persuasive argument To the board or did it carry over approved? Yeah Ming Dai was different because I was talking about the credit as true Standard this this is Our case our case law says if you raise an issue to the board the board should address it Now they raised the issue the board the board didn't address it and they've raised the issue on appeal Why shouldn't we say back go address that issue Because the board and the immigration judge here considered all the factual Assertions that were being made and even if you total them all up It doesn't rise the harassment discrimination simply in this case that never came close to the point of persecution even Stacked one on top of the other and that that's that's the fatal flaw here, but they didn't say that That's the problem you have right? Individually yes, but they did not say when you put all these together It does not rise to the level of persecution and that's what our case law Seems to requires that they must analyze it in the aggregate if that is requested. I Don't I I'm not sure I Given given the fact that all of the factual Assertions on discrimination and harassment none of them rose to the level person None of them really even came very close that I don't think it was incorrect in that circumstance I don't think it would be worthwhile to revand when the board was so very clear that none of the assertions were rising to the level of persecution The government concedes that the both the IJ and the BA a applied the wrong standard in deciding the withholding of removal aspect The government's conceded that is that correct? Consistent with our brief your judge. Yes, we conceded but we believe the remand would not be okay You said you can get around the remand because of the fact that you said that that the BIA or someone had made it adverse Finding as to credit that he was not credible, but the BIA Noted that quote the IJ did not make an explicit adverse credibility finding. So there is no adverse credibility finding as to the Aliens, isn't that correct? Judge my apologies on the brute brief. I my use of adverse credibility was inartful because He did not make a statutory required adverse credibility finding. However, nonetheless It's unequivocal that the immigration judge and the board made a credibility finding Regarding his assertions that he had been threatened when he was robbed Based on his being a dwarf that those those are very clear in the decisions that those portions were not found to be credible All right. Thank you. Judge Thomas. Do you have any additional questions? I do not. Okay. Thank you for that argument. So counsel for Mr. Sosa you have a little rebuttal time Judge, um, I would just ask this court to reject the government's position to me. It seems that they Refuse to apply this court's precedent in terms of the cumulative effect of all of the incidents that mr. Sosa Mr. Salguero suffered and the the case law is very clear that the agency must look at everything that's happened to him and look At it cumulatively. Let me ask you Let me stop you counsel if the government does look at it I'm sorry BIA and the board look at sorry and the IJ look at a cumulatively what exactly else should they have done? I mean they should say yeah, we've looked at it cumulatively, but actually how is the analysis to be done? Well, well if they looked at everything then they would have found that there was past persecution because they didn't they didn't they found the individuals Did not the individual situation together? Okay, but what about everything together? That would make it the result looking at a cumulatively different than when they looked at an individual What difference Well Again, your honor I think the difference would have been that if they looked at all of the incidents cumulatively then they would have found there was past persecution why Because the record shows that he had severe and pervasive discrimination throughout his life plus death threats plus confrontations and the forced abortion this is like Look at all that. They all they said is this is discrimination just like they did in Corabellina Council let me ask you this according to your understanding did your client specifically ask the IJ and the BIA to do a cumulative effect analysis Yes, okay. Do you know we're in the record that was done on on appeal? We said that that the Agency didn't look at all of the factors. I understand. Where did you say that in your brief or in the record? Well, it's in several areas, I mean it's obviously on the appeal and then in our opening Okay, so it's in it's from your perspective. It was requested. Yes, judge. Okay, and and in regards to Another issue that the government raised saying that none of the of the none of none of the Factors or the the harms that he said would have risen again There's no distinction meaningful distinction from Corabellina because they have a lot of the same factors the you know Deny the mission to school not being able to get a good job Only having one physical attack. Okay, I think we have that and your time is up But let me ask my colleague whether either has additional questions for a counsel for petitioner Thanks both counsel for your argument, we appreciate it the case just argued is submitted
judges: THOMAS, SMITH, Wu